

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable S. J. Isaacks, Chairman
Committee on Judiciary and Uniform State Laws
Austin, Texas

Dear Mr. Isaacks:                    Opinion No. O-3148

                                     Re:  Constitutionality of H. B.
                                          No. 360, 48th Legislature,
                                          Regular Session.

          We beg to acknowledge receipt of your request
for an opinion of this department with respect to the con-
stitutionality of the above-captioned House Bill.

          H. B. No. 360 is an amendment of the statutes
with respect to the exemption of current wages.

          Section 1 amends Subsection 16 of Article 3832 of
the Revised Civil Statutes, as amended by H. B. No. 166,
Acts of the Regular Session of the 44th Legislature, so as
to read as follows:

          "All current wages for personal services
     of not more than Fifteen ($15.00) Dollars per
     week are exempt, and if same exceeds such Fif-
     teen ($15.00) Dollars per week, then ninety
     (90%) percentum of such wages above Fifteen
     ($15.00) Dollars per week shall be exempt, and
     ten (10%) per centum thereof shall be subject
     to being reached by law, save and except gar-
     nishment."

          Section 2 amends Subsection 5 of Article 3834 of
the Revised Civil Statutes of Texas so as to read exactly
the same as the foregoing amendment of Section 16, Article
3832.

          The exemption of current wages for personal ser-
vices lies deeper than the statutes in our jurisprudence.

          Section 28 of Article XVI of the Constitution de-
clares:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

693

"No current wages for personal service shall ever be subject to garnishment."

The Constitution is supreme, and no statutory enactment, whether an original or an amendatory act, in contravention thereof is valid. The language of the Constitution is unambiguous, and its prohibition is without qualification. If "no current wages" shall ever be subject to garnishment, it necessarily follows that neither fifteen per cent, nor ten per cent, nor any other per cent of such wages may be made subject to garnishment.

It can make no difference that the bill authorizes the creditor to reach by law the wages of his debtor "save and except garnishment." In what other method could it be reached than by garnishment? The bill does not undertake to provide another method to accomplish this end, but if it were to do so, and should provide a remedy and call it "impounding", "distraint", or what not, such a bill would nevertheless violate the very spirit and purpose of the Constitution. Especially mentioning "garnishment" in the Constitution is no limitation whatsoever upon the obvious purpose to exempt all current wages for personal service from the exaction of creditors, and would forbid legislative enactments setting up a proceeding under another name, the effect of which would be to subject the current wages or personal service to an impounding for debt. House Bill 360 is, therefore, in violation of the Constitution.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-LR



APPROVED
OPINION
COMMITTEE
BY [signature]
CHAIRMAN